UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MCSPADDEN AND MILDRED MCSPADDEN | : | CIVIL ACTION NO. |
| | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | |

**NOTICE FOR REMOVAL OF CIVIL ACTION**
**FROM STATE COURT**

Defendant, Allstate Insurance Company ("Defendant"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support avers as follows:

1.     Plaintiffs, Donald McSpadden and Mildred McSpadden ("Plaintiffs"), initiated this civil action with the filing of a Praecipe to Issue Writ of Summons on January 10, 2022, which is pending the Court of Common Pleas of Philadelphia County, Pennsylvania, docket number 220100611.  A true and correct copy of the Praecipe is attached as Exhibit "A" and incorporated by reference.  See Exhibit "A."

2.     Plaintiffs then filed their Complaint on March 8, 2022.  A true and correct copy of Plaintiffs' Complaint is attached as Exhibit "B" and incorporated by reference.

3.     The state court where this action is pending is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

4.     At the time of the filing of this action, Plaintiffs were, upon information and belief, domiciled in/residents of Bucks County, Pennsylvania and citizens of Pennsylvania.  See Exhibit "B" at para. 1.

5.     Defendant is an Illinois corporation with its principal places of business in Northbrook, Illinois and is, therefore, a citizen of a state other than Pennsylvania.

2667270.1/57224

6.     Plaintiffs' Complaint asserts claims for Breach of Contract (Count I) and Statutory Bad Faith (County II), and Plaintiffs seek in excess of $50,000 under both Counts.  See Exhibit "B".

7.     This matter arises from a homeowners insurance claim involving damage to Plaintiffs' property.  See Exhibit "B".

8.     Under Count I (Breach of Contract), Plaintiffs claim contract damages in excess of $50,000 for damage to Plaintiffs' property and have attached repair estimates as an exhibit to the Complaint which total $55,068.89.  See Exhibit "B," Count I *ad damnum* clause and Exhibit "A" to the Complaint.

9.     In Count II (Statutory Bad Faith), Plaintiffs demand judgment against Defendant in an amount in excess of $50,000 and claim damages under 42 Pa.C.S.A. Section 8371, including punitive damages, attorney fees, costs, and interest.  See Exhibit "B," Count II *ad damnum* clause.

10.     As the contractual dwelling damages claimed total $55,068.89, if a 1-to-1 ratio of punitive damages is being claimed by Plaintiffs, the damages in dispute in this case are at a minimum $110,137.78.

11.     Additionally, the Pennsylvania Bad Faith statute allows for attorney's fees, and the potential for such fees must be considered in determining the amount in controversy.  See Denicola v. Progressive Direct Ins. Co., 2009 WL 1684640, at *2 (M.D. Pa. June 16, 2009) (citing Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir.1997).

12.     It would not be unreasonable to expect that over the course of litigation of this matter that counsel could incur fees in an amount approaching $25,000.

13.     Judge Juan R. Sánchez of the United States District Court for the Eastern District of Pennsylvania in Palmieri v. Allstate Insurance Company, Docket No. 06-4681 (December 4,

2006) held that "a 'reasonable reading of the rights being litigated,' *Angus v. Shiley Inc.* 989 F.2d

142,145 (3d Cir. 1993), in this case suggests the disputed amount of more than $22,000, a bad faith

claim with punitive damages, attorney's fees and costs could easily exceed $75,000."   Judge

Sánchez's December 4, 2006 Order is attached as Exhibit "C" and incorporated by reference.

14.    Consequently, the amount in controversy in this matter is in excess of the sum of

$75,000.00, exclusive of interest and costs, such that the amount in controversy and the diversity

requirements for federal diversity jurisdiction are satisfied and this court now has jurisdiction over

this subject matter under and pursuant to 28 U.S.C. § 1332.

15.    Defendant first ascertained the amount in controversy upon receipt of Plaintiffs'

Complaint on or about March 21, 2022.

16.    This Notice is filed within thirty (30) days of service of the Complaint and

Defendant's first indication that the damages could exceed $75,000.00.

**WHEREFORE,** Defendant respectfully requests that the statutory requirements having

been met, the pending state action be Removed to this Court.

Respectfully submitted,

CURTIN & HEEFNER LLP

By: _____
    Joseph Acquaviva, Esquire
    Attorney for Defendant
    Attorney ID 83028
    1040 Stony Hill Road
    Suite 150
    Yardley, PA 19067
Date: <u>April 6, 2022</u>                    (215) 736-2521

## **AFFIDAVIT**

I, Joseph Acquaviva, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter; and, that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

_____
Joseph Acquaviva, Esquire

2667270.1/57224